UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

CIVIL ACTION NO.

| |
|---|
| DEBRA M. USHKEVICH,<br>　　　　*Plaintiff,*<br><br>　　v.<br><br>STEPHEN J. SCULLY, M.D., and PLASTIC COSMETIC & RECONSTRUCTIVE SURGERY OF MERRIMACK VALLEY, INC.<br>　　　　*Defendants.* |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PARTIES

1. Plaintiff, Debra M. Ushkevich, (hereinafter "Ms. Ushkevich") was, at all relevant times hereto, an adult with a usual place of residence at 33 Faith Drive, Hampstead, Rockingham County, New Hampshire.

2. Upon information and belief, at all relevant times hereto Defendant Stephen J. Scully, M.D. ("Dr. Scully") was a physician licensed in the Commonwealth of Massachusetts, residing in North Andover, Essex County, Commonwealth of Massachusetts and practicing medicine as a plastic surgeon at Plastic Cosmetic & Reconstructive Surgery, Inc., 451 Andover Street, North Andover, Essex County, Commonwealth of Massachusetts. Upon information and belief Dr. Scully is an employee of Defendant Plastic Cosmetic and Reconstructive Surgery of Merrimack Valley, Inc.

3. Upon information and belief, at all relevant times hereto, Defendant Plastic Cosmetic and Reconstructive Surgery of Merrimack Valley, Inc., was a duly registered corporation with a principal place of business at 451 Andover Street, North Andover, Essex County, Commonwealth of

Massachusetts. Upon information and belief, Plastic Cosmetic and Reconstructive Surgery of Merrimack Valley, Inc., was the employer of Dr. Scully.

## JURISDICTION

4. The amount in controversy in this case exceeds $75,000, exclusive of interest and costs, and the plaintiff and defendants are citizens of different states, therefore diversity jurisdiction exists pursuant to 28 U.S. Code § 1332.

## FACTS

5. Ms. Ushkevich presented to Dr. Scully on October 11, 2013 for excision of lesions on the left side of her nose, left cheek, left side of neck, and right calf.

6. Dr. Scully noted that Ms. Ushkevich had a .75 x 1 cm irregular lesion involving the left lateral nose above the alar margin, and that it was consistent with a possible dysplastic lesion.

7. Dr. Scully excised all four lesions, and the specimens were submitted for biopsies.

8. The pathology report stated that the final diagnosis of the nose specimen was "Basal cell carcinoma, extending to tissue edges."

9. Dr. Scully informed Ms. Ushkevich that the margins were unclear, and that the cancer may return, and it may not. Dr. Scully informed plaintiff that if the cancer returned, she may need a laser procedure.

10. Dr. Scully never advised Ms. Ushkevich to have any additional workup, monitoring, or that additional surgery to clear the margins was needed.

11. In 2018, Ms. Ushkevich developed a recurrent lesion on her nose.

12. A second biopsy confirmed that plaintiff's basal cell carcinoma had returned, and on November 20, 2019 plaintiff underwent Moh's surgery to remove all the cancerous cells.

13. On November 22, 2019, plaintiff underwent reconstructive surgery to reduce the scarring from the Moh's surgery.

14. A second cosmetic procedure was performed on December 23, 2019.

15. Despite the cosmetic surgery, Ms. Ushkevich has significant, permanent facial scarring.

16. Plaintiff was unaware that she had been injured by the negligence of Dr. Scully until October, 2019 when she spoke with her surgeon preforming her cosmetic surgery.

## COUNT I – NEGLIGENCE
## DEBRA USHKEVICH V. STEPHEN J. SCULLY, M.D.

17. Plaintiff repeats and incorporates herein the allegations in paragraphs 1 through 16 above.

18. Defendant Dr. Scully owed a duty to Ms. Ushkevich to use the care and skill required of the average qualified plastic surgeon, taking into account the advances in the profession at the time in 2013 and under the circumstances that then existed.

19. On October 11, 2013 and thereafter Ms. Ushkevich was a patient of Dr. Scully, was under the Defendant's care and treatment and was relying upon the Defendant physician to provide her with the care and skill required of the average qualified plastic surgeon properly practicing the profession.

20. Dr. Scully negligently, carelessly, and/or unskillfully treated Ms. Ushkevich and deviated from and fell below the accepted standard of care for the average qualified plastic surgeon in the Commonwealth of Massachusetts in 2013, taking into account the advances in the profession, by and among other things:

    a. Failing to inform plaintiff of the need for clear surgical margins after her nose lesion excision;

    b. Failing to remove sufficient tissue until plaintiff's surgical margins were clear of

  cancerous cells;

 c. Failing to inform plaintiff of the need for monitoring and follow up for her basal cell carcinoma; and

 d. Failing to monitor plaintiff's basal cell carcinoma.

21. Had the Defendant, Dr. Scully, complied with the standard of care, Ms. Ushkevich would not have suffered a recurrence of her basal cell carcinoma, or the cancer would have been detected earlier, and Ms. Ushkevich would not have required extensive reconstructive surgery.

22. As a direct and proximate result of the negligence and carelessness of the Defendant, Dr. Scully, Ms. Ushkevich was caused to experience severe and ongoing pain and suffering, permanent disfigurement, loss of enjoyment of life, a prolonged recovery, incursion of medical expenses, and lost earning capacity.

 THEREFORE, Plaintiff Debra Ushkevich demands judgment in her favor against Defendant Dr. Scully for monetary damages to be determined by a jury, plus interest and costs.

## COUNT II – RESPONDEAT SUPERIOR
## DEBRA USHKEVICH V. PLASTIC COSMETIC & RECONSTRUCTIVE SURGERY OF MERRIMACK VALLEY, INC.

23. The Plaintiff repeats and incorporates herein the allegations contained in the paragraphs 1 through 22 above.

24. The Defendant, Stephen Scully, M.D., practicing within the scope of his employment, agency, and/or servitude for Plastic Cosmetic & Reconstructive Surgery of Merrimack County, Inc., and/or in his capacity as an officer, director, managing agent, servant, and/or employee of Plastic Cosmetic & Reconstructive Surgery of Merrimack County, Inc., rendered medical care and treatment that fell below the accepted standard of care for the average qualified medical provider at the time.

25. As a direct and proximate result of the negligence and carelessness of the Defendant, Dr. Scully, Ms. Ushkevich was caused severe and ongoing pain and suffering, permanent disfigurement, loss of enjoyment of life, a prolonged recovery, incursion of medical expenses, and lost earning capacity.

WHEREFORE, Plaintiff Debra Ushkevich demands judgment in her favor against Defendant Plastic Cosmetic & Reconstructive Surgery of Merrimack County, Inc., for monetary damages to be determined by a jury, plus interest and costs.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
Plaintiff,
By her attorneys,

/s/ Ian McCallister
Kathryn J. Wickenheiser, Esq.
BBO# 675040
Ian McCallister, Esq.
BBO# 633445
Thomas & Wickenheiser, LLC
1R Newbury Street, Suite 303B
Peabody, MA 01960
(774) 302-2300
kathryn@thomaswicklaw.com
ian@thomaswicklaw.com